UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER KEESEE, individually,

Plaintiff,

v.

WELLS FARGO BANK, N.A.                    **JURY DEMAND**
a National Bank,

6:14-cv-2118-OCL-40-DAB

Defendant.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1.    Plaintiff CHRISTOPHER KEESEE alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA") against Defendant WELLS FARGO BANK, N.A.   Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States.

3.    This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4.   Venue in this District is proper because the Plaintiff received telephone calls at issue in this case from Defendant while within this District.

## PARTIES

5.   Plaintiff CHRISTOPHER KEESEE is a natural person and a citizen of the State of Mississippi, residing in Corinth, Mississippi.   At all times material to this case, said Plaintiff was residing in Brevard County, Florida.   Said Plaintiff is the sole owner, possessor, user, and subscriber of the cellular telephone that Defendant was calling.

6.   Defendant WELLS FARGO BANK, N.A. ("Wells Fargo") is a national bank that uses, among other things, an automated telephone dialing system to engage in the collection of consumer debts.

## FACTUAL ALLEGATIONS

7.   Plaintiff is a customer of Defendant Wells Fargo, and previously opened a checking account at a branch office of Defendant.

8.   Plaintiff allegedly overdrew the aforementioned checking account, and thereby incurred an alleged debt to Defendant in the form of a negative account balance.

9.   In consequence, Defendant began placing automated calls to Plaintiff's cellular telephone in an effort to collect the balance and bring Plaintiff's account positive.

10.   Upon answering any of these calls, Plaintiff was invariably met with either a noticeable period of "dead air" while Defendant's telephone system attempted to connect him to a live representative, or a machine-operated voice that immediately began delivering a pre-recorded message.

11.   In September 2014, Plaintiff answered several of these calls, explained that he was unable to pay at the time, and demanded that Defendant cease calling him.

12.    Despite Plaintiff's directive to cease calling, Defendant continued to place automated calls to Plaintiff's cellular telephone.

13.    The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008*, 23 F.C.C.R. 559, 565-66 (2008); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14091-92 (2003).

14.    In sum, the Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

15.    Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

16.    Plaintiff incorporates paragraphs 1 through 15 herein.

17.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff CHRISTOPHER KEESEE, requests that the Court enter judgment in favor of Plaintiff and against Defendant WELLS FARGO BANK, N.A. for:

a.    $500 dollars in statutory damages for each violation of the TCPA over the last four years;

b.    $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

e.    litigation expenses and costs of the instant suit; and

f.    such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

18.    Plaintiff incorporates paragraphs 1 through 15 herein.

19.    Pursuant to Florida law, Defendant's practices are in violation of the FCCPA, including but not limited to Fla. Stat. § 559.72(7), which states that it is a violation to "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

WHEREFORE, Plaintiff CHRISTOPHER KEESEE, requests that the Court enter judgment in favor of Plaintiff and against Defendant WELLS FARGO BANK, N.A. for:

a.    actual damages;

b.    statutory damages of $1,000.00;

c.    a permanent injunction prohibiting Defendant calling Plaintiffs regarding the alleged debt;

4

d. attorney's fees, litigation expenses, and costs of the instant suit, and;

e. such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 23rd day of December, 2014.

BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
20803 Biscayne Blvd., Ste 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By: /s/ Bret L. Lusskin, Esq.
Bret L. Lusskin, Esq.
Florida Bar No. 28069